1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DEEARL FOSTER,                          No.  22-cv-1064 WBS AC P

12                   Plaintiff,

13         v.                                 ORDER

14    ALDANA RAMIREZ,

15                   Defendant.

16

17         Plaintiff, a county jail inmate proceeding pro se, has filed this civil rights action seeking

18    relief under 42 U.S.C. § 1983.  The matter was referred to this court pursuant to 28 U.S.C. §

19    636(b)(1)(B) and Local Rule 302.  This case was closed on November 21, 2022, without

20    prejudice.  ECF Nos. 7-9 (findings and recommendations; judgment and order, respectively).

21         Before this court is plaintiff's motion to reopen this matter.  ECF No. 10.  The court

22    construes the filing as a Federal Rule of Civil Procedure 60(b) motion for reconsideration of the

23    judgment and order that closed this case.  For the reasons stated below, the motion will be denied.

24         I.    PROCEDURAL HISTORY

25         Plaintiff filed the complaint[1] in this matter on or around June 21, 2022.  ECF No. 1.  At

26    _____

27    [1]  The complaint alleged a single claim of false imprisonment which appears to have stemmed
      from plaintiff's incarceration following state court preliminary hearing proceedings.  See ECF
      No. 1 at 3.

28

1

that time, he was housed at the Sacramento County Main Jail.  Id. at 1.  An application to proceed in forma pauperis was also filed at that time.  ECF No. 2.  It, however, was incomplete.  As a result, on June 26, 2022, the court ordered plaintiff to file a properly completed application to proceed in forma pauperis along with a certified copy of his inmate trust account statement and to do so within thirty days.  ECF No. 5.

More than thirty days passed without plaintiff complying with the court's order or responding to it in any way.  The court's order was not returned to it as undeliverable, either.  As a result, on August 18, 2022, the magistrate judge assigned to this action recommended that this matter be dismissed without prejudice.  ECF No. 7.  At that time, plaintiff was given fourteen days to file objections to the magistrate's recommendations.  Id. at 2-3.

On September 6, 2022, the magistrate's recommendations which had been sent to plaintiff were returned to the court marked "undeliverable, not deliverable as addressed."  As a result, pursuant to the Local Rules, plaintiff was given sixty-three days from that date to file a change of address with the court.  See Local Rule 183(b).

On November 21, 2022, after the sixty-three-day period had elapsed, the court adopted the magistrate's findings and recommendations and issued the judgment and order that closed this matter.  ECF Nos. 8, 9.  The instant motion for reconsideration filed by plaintiff was docketed on December 5, 2022.  ECF No. 10.

II.     MOTION FOR RECONSIDERATION

In support of the motion for reconsideration of the closing of this case, plaintiff asserts that he has not had a place to receive court correspondence and that he is transient.  ECF No. 10.  Plaintiff also states, however, that he is currently being housed at the Sacramento County Main Jail.  Id.

III.    DISCUSSION

A.  Applicable Law

Federal Rule of Civil Procedure 60(b) permits a litigant to file a motion for relief from a final judgment or order for several reasons, including, but not limited to:  mistake, inadvertence, ////

2

surprise, excusable neglect, or any other reason that justifies relief.  See Fed. R. Civ. Proc. 60(b)(1), (6).  The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994).  A party must present strongly convincing facts to persuade the court to reverse its prior decision.  Kern-Tulare Water Dist. v City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986) affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987); Great Hawaiian Fin. Corp. v. Aiu, 116 F.R.D. 612, 617 (D. Haw. 1987), rev'd on other grounds 863 F.2d 617 (9th Cir. 1988).

B.  Analysis

1.  Plaintiff Failed to Timely Respond to Court Order

Plaintiff does not state in the instant motion that he did not receive the court's initial June 2022 order directing him to file a properly completed in forma pauperis application along with his inmate trust statement.  See generally ECF No. 10.  Because that order was not returned to the court, it is presumed that it was delivered and that plaintiff received it.  See Fed. R. Civ. Proc. 5(b)(2)(C) (stating service complete upon mailing of document to person's last known address); Peraza v. Delameter, 722 F.2d 1455, 1456 (9th Cir. 1984) ("[T]here is a presumption of delivery upon mailing.").  Therefore, plaintiff was well-aware back in June 2022 that in order for this matter to proceed, he first needed to file additional proper paperwork.  Plaintiff, however, did not do so, nor did he file a request for an extension of time to comply with the magistrate judge's order.

2.  Plaintiff Failed to Provide Proper Mailing Information to Court

The fact that plaintiff states he is transient is not persuasive, either.  A comparison of the mailing information plaintiff provided on his in forma pauperis application in June 2022 with that of the mailing information provided in the instant motion indicates that at both times, plaintiff was housed at the Sacramento County Main Jail.  Compare ECF No. 2 at 1 (June 2022 mailing address provided by plaintiff), with ECF No. 10 (December 2022 mailing address provided by plaintiff).  Thus, plaintiff's assertion of transience, i.e., without lodging suitable to receive mail – presumably between June 2022 and December 2022 – is dubious.  In addition, a further comparison of the two pages of these documents indicates that in June 2022, plaintiff provided

3

1    the court with an inmate ID number of "4012382" (see ECF No. 2 at 1), whereas in the instant

2    motion, plaintiff has provided an inmate ID number of "401232" (see ECF No. 10).

3         Although, it appears that plaintiff may have provided the court with an improper inmate

4    ID number in June 2022, and that this may have resulted in the magistrate's order recommending

5    case closure being returned to the court, this is not a mistake that the court is inclined to remedy.

6    It is plaintiff's responsibility to provide proper address and inmate ID information to the court.[2]

7    See Local Rule 183(b).

8                   3.   Plaintiff's Complaint Fails to State a Claim

9         Finally, granting plaintiff's motion for reconsideration would ultimately be futile.  This is

10   because, a review of the sole claim in this matter indicates that it fails to state a claim upon which

11   relief may be granted.  See 28 U.S.C. § 1915A(b)(1).

12        The complaint alleges false imprisonment against defendant Ramirez stemming from

13   testimony defendant provided at a preliminary hearing.  See ECF No. 1 at 3 (plaintiff referencing

14   testimony given by defendant during "pre limb" [sic]).  Section 1983 limits a federal court's

15   analysis to the deprivation of rights secured by the United States Constitution and its laws.  See

16   42 U.S.C. § 1984; Lovell By & Through Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370

17   (9th Cir. 1996).  If plaintiff is currently incarcerated based upon information he believes was

18   improperly provided during his county preliminary hearing, this court is unable to address that

19   claim.

20        IV.   CONCLUSION

21        Having considered the procedural history of this matter; plaintiff's failure to provide

22   correct mailing information to the court, and the lack of viability of the complaint, the court finds

23   that plaintiff has not demonstrated that the motion for reconsideration should be granted.

24   Therefore, it will be denied.

25   ////

26   ////

27

28

---

[2]  Nevertheless, the Clerk of Court will be directed to change plaintiff's inmate ID number on the docket so that it is consistent with the information he has provided in the instant motion.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to reopen this case, which the court construes as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 10), is DENIED, and

2.  The Clerk of Court shall change plaintiff's inmate identification number to "401232" on the docket so that it is consistent with the information plaintiff provided in the instant motion for reconsideration.  See ECF No. 10.

Dated:  December 16, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

fost1064.850.mfr.den

5